IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. MCGEE,

    Petitioner,                    No. CIV S-10-0137 KJM P

    vs.

ATTORNEY GENERAL STATE OF     ORDER
CALIFORNIA,

    Respondent.

        Petitioner is proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. On February 12, 2010, the court ordered petitioner to show cause why this matter should not be dismissed for lack of jurisdiction because petitioner was not "in custody" when he commenced this action on January 19, 2010, as is explicitly required in § 2254. Petitioner filed his response on March 1, 2010.

        In his response, petitioner indicates he has refused to pay a $100 restitution fine he was ordered to pay when he was placed on three years of probation on May 16, 2005. See Pet. Ex. A at 167.[1] Petitioner asserts his refusal to pay the restitution fine means he is still on probation and therefore still "in custody." See United States v. Spawr Optical Research Inc., 864

---

[1] Page numbers are those assigned by the court's electronic docketing system.

1

F.2d 1467, 1470 (9th Cir. 1988) (habeas petitioner "in custody" for purposes of § 2254 if on probation).  However, the court does not assume that simply because petitioner has refused to pay the restitution fine that petitioner is still on probation.  At least one California statute indicates that probation may end with the probationer having not paid a court-ordered restitution fine in full; upon expiration of a probation term, the unpaid fine may be reduced to a money judgment.  See Cal. Penal Code § 1214(a).[2]

Petitioner also asserts that the "collateral consequences" from his conviction, such as his not being able to possess a gun, rendered him "in custody" at the time he commenced this action.  This argument has been rejected by the Ninth Circuit.  Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

Because petitioner has failed to show that the court has jurisdiction over his application for writ of habeas corpus, this action will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is dismissed; and

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: March 31, 2010.

_____
U.S. MAGISTRATE JUDGE

[1]
mcge0137.dis(2.12.10)

---

[2] Penal Code Section 1214(a) provides, in pertinent part: "If the judgment is for a fine, including a restitution fine . . . with or without imprisonment, . . . the judgment may be enforced in the manner provided for the enforcement of money judgments generally. Any portion of a restitution fine or restitution fee that remains unsatisfied after a defendant is no longer on probation or parole or has completed diversion is enforceable by the California Victim Compensation and Government Claims Board pursuant to this section. . . ."

2